Joseph B. Whiteford
4082 Deer Valley Lane
Murrysville, PA 15668
jbwhiteford29@yahoo.com
Plaintiff, In *Pro Per*

FILED

JAN 22 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH B. WHITEFORD,** an individual<br><br>as Plaintiff,<br><br>vs.<br><br>**EQUIFAX, INC., a corporation; EQUIFAX INFORMATION SERVICES, LLC, a corporation; EXPERIAN INFORMATION SOLUTIONS, INC, a corporation; TRANS UNION, LLC, a corporation;** and DOES 1-10, inclusive<br><br>Defendant(s). | Case No. 21-CV-94<br><br>**COMPLAINT FOR RELIEF**<br><br>**AFFIDAVIT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the Plaintiff, *In Pro Per*, and brings this Verified Complaint (hereinafter "Complaint") against Defendants states as follows:

### I. PRELIMINARY STATEMENT

1. This action arises out of Defendants EQUIFAX, INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC,

Page 1 of 14

Joseph B. Whiteford
4082 Deer Valley Lane
Murrysville, PA 15668

COMPLAINT
Pawlowski v. Equifax, Inc., *et al*

and TRANS UNION, LLC's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (or, "FCRA"), which prohibits consumer reporting agencies (hereinafter "CRAs"), from failing to provide a consumer with their "Full Consumer File Disclosure", failing to provide a consumer with Defendants' reinvestgation procedure, failing to promptly delete all information which cannot be verified and Defendant Equifax's failure to provide notice to a consumer of reinserted information to the consumer file within 5 business days after the date of the insertion.

2. 15 U.S.C. §1681n and §1681o, create a private right of action for consumers to bring against violators of <u>any</u> provision of the FCRA with regard to their credit. In *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296, 1300 (D.N.M. 2000) the Court confirmed that "...the plain language of [15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently fail to perform their duties upon notice of a dispute...there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information." *Id.* 1300. All Defendants have willfully and negligently failed to perform their duties by not complying with the FCRA as described herein.

## II.  JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. §1681, seq, and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that the Plaintiffs reside here, the Defendants transact business here, and the conduct complained of occurred here.

5. This is an action for damages which exceed $18,000.00.

6. All conditions precedent to the bringing of this action have been performed.

### III. PARTIES

7. Plaintiff Joseph B. Whiteford, (hereinafter "Plaintiff") is a natural person residing in Murrysville, Pennsylvania.

8. Defendant Equifax, Inc., (hereinafter "Equifax"), along with its subsidiaries, affiliates and business partners operates as a Consumer Reporting Agency as that term is defined (See 15 U.S.C. § 1681a(f) See *Hinkle v. Experian Information Solutions, Inc.*, 1:18-cv-007, USDC, W.D.N.C. ("The term "consumer reporting agency" means any person, who for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.") regulated by the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 et seq., with Equifax Inc. corporate offices at 1550 Peachtree Street, NW, H46, Atlanta, GA 30309. Equifax may be served through its registered agent, The Prentice-Hall Corporation System, Inc., 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110, USA. Equifax is a public corporation, trading in the New York Stock Exchange as "EFX".

9. Equifax, Inc. is the parent of Equifax Information Services, LLC.

10. Equifax, Inc. and its subsidiaries such as Equifax Information Services, LLC ("EIS") and Equifax Consumer Services, LLC (hereinafter "ECS") operate as

Page 3 of 14

Joseph B. Whiteford
4082 Deer Valley Lane
Murrysville, PA 15668

COMPLAINT
Pawlowski v. Equifax, Inc., *et al*

alter egos of one another and freely transfer communications from consumers, as well as consumer information and data based on consumer information and communications, between the entities for commercial purposes without restriction and to treat them as separate entities would promote fraud and sanction injustice.

11. Equifax, Inc. and its subsidiaries, including EIS operate using the same "Equifax" logo with no differentiation between the entities when interacting with consumers via mail and otherwise. By virtue of different subsidiaries and divisions operating without any impediments of corporate structure using the same logo as Equifax, Inc., an unsophisticated consumer would not know one Equifax from another.

12. To remain separate and distinct for purposes of liability in this action, Defendants Equifax, Inc. and Equifax Information Services, LLC must operate as separate and legally as well as operationally distinct entities. Here for matters alleged and relevant herein, EIS is merely an alter ego of Equifax, Inc. For purposes of how consumer data is handled, warehoused, used and sold the corporate lines were disregarded in practice. EIS, ECS and other subsidiaries of Equifax, Inc. are mere instrumentalities for the transaction of the corporate consumer credit business. In other words, Equifax, Inc., EIS, ECS and other subsidiaries share full unity of interest such that the separate personalities of the corporation and subsidiaries no longer exist as they operate as one consumer reporting agency under the FCRA.

13. Equifax, Inc. has used EIS and ECS and other subsidiaries as dependent and integrated divisions rather than separate legal entities. The business operations are fully coordinated and shared resources are cross-applied without

full and complete profit centers. Management decisions at EIS and ECS as well as other divisions are made by and through Equifax, Inc. and the entities hold themselves out as a single uniform business entity exchanging and selling consumer information as well as data derived from consumer information and communication it holds in its consumer files. Its customer base is vast and includes state and federal governments generating hundreds of millions if not billions of dollars in revenue annually.

14. Defendant Equifax Information Services, LLC (hereinafter "EIS") is a foreign corporation/limited liability company believed to be authorized to do and is doing business in this State. Defendant EIS is a "consumer reporting agency," as codified at 15 U.S.C. §1681a(e). EIS has a Principal Executive Office Address at 1550 Peachtree Street, NW, H46, Atlanta, GA 30309, and may be served through its registered agent, Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110, USA

15. The FCRA, through a rule mandated at § 1681x expressly prohibits "a consumer reporting agency from circumventing or evading treatment as a consumer reporting agency" by means of corporate organization or restructuring. Equifax, Equifax Consumer Services, LLC and EIS operate as one credit reporting agency.

16. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") along with its subsidiaries, affiliates and business partners operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 et seq. with a principal corporate executive office address of 475 Anton Boulevard, Costa Mesa, CA 92626 and may be served

through its registered agent, CT Corporation System, 116 Pine St # 320, Harrisburg, PA 17101, USA.

17.   Experian, its subsidiaries and partners sell consumer information and data derived from consumer information in its consumer file(s) in a number of products and services to customers such as financial institutions and the debt collection industry.  As of November 13, 2018, Experian's website advertises and promotes their "…U.S. ConsumerView marketing database covers over 300 million individuals and 126 million households.  With the freshest data compiled from hundreds of public and proprietary sources, Experian has thousands of powerful data points to help marketers reach their targeting goals, including demographics, purchasing habits, lifestyles, interests and attitudes."

18.   Defendant TransUnion, LLC (hereinafter "TRANS", "TransUnion") along with its subsidiaries and affiliates operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 et seq. with corporate offices at 555 W. Adams Street, Chicago, IL 60661, and may be served through its registered agent, The Prentice-Hall Corporation System, Inc., 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110, USA.  TransUnion operates as a single FCRA governed consumer reporting agency.  TransUnion, LLC has structured itself in order to warehouse its sale of credit reporting consumer reports in one entity and its sale of criminal history, employment, landlord-tenant purposed, etc. consumer reports in other entities.  However, it freely transfers data between units and operates without any impediments of corporate structure.  In almost every material regard, the TransUnion units operate as if they are one and the same, a single consumer reporting agency.

19. Defendants Does 1-10 are currently unknown to plaintiffs. Complaint will be amended when facts are discovered regarding unknown parties.

## IV. GENERAL ALLEGATIONS

20. During January 2019, Plaintiff became increasingly concerned regarding the accuracy of account information reported by the Defendants on credit reports obtained by the Plaintiff.

21. Therefore, on or about January 30, 2019, Plaintiff sent all Defendants a full consumer file disclosure request, **see "Exhibit A"**.

22. On or about December 14, 2019, Plaintiff sent a written request to all Defendants by certified mail, to conduct an investigation regarding the proposed accounts, **see "Exhibit B"**.

23. Between December 14, 2019 and January 27, 2020, all Defendants, through written communications, maintained that all alleged accounts on Plaintiff's credit report had been verified with the furnishers of information. However, none of the CRAs provided Plaintiff with evidence of their investigation and specific verification of the alleged accounts.

24. Therefore, on or about January 27, 2020, Plaintiff sent all Defendants a second request for verification[1] of the proposed accounts as reported, **see "Exhibit C"**.

25. Between January 27, 2020 and March 4, 2020, all Defendants, through written communications, again maintained that the proposed accounts had been verified. However, none of the CRAs provided Plaintiff with evidence of

---

1   See 15 U.S.C. § 1681i

Page 7 of 14

Joseph B. Whiteford
4082 Deer Valley Lane
Murrysville, PA 15668

COMPLAINT
Pawlowski v. Equifax, Inc., et al

their investigation(s) or reinvestigation(s) and specific verification of the alleged accounts.

26. Therefore, on or about March 4, 2020, Plaintiff sent a third request to all Defendants to provide Plaintiff with verification of the alleged accounts identified on credit reports, **see "Exhibit D"**.

27. Between March 4, 2020 and May 19, 2020, all Defendants, through written communications, again maintained that the proposed accounts had been verified. However, none of the CRAs provided Plaintiff with evidence of their investigation(s) or reinvestigation(s) and verification of the alleged account.

28. Therefore, on or about May 19, 2020, Plaintiff sent a fourth request to all Defendants to provide Plaintiff with verification of the alleged accounts identified on credit reports, **see "Exhibit E"**.

29. All Defendants failed to respond to Plaintiff's fourth request for verification of the accounts reported on credit reports.

30. As of the date of Plaintiff's Complaint, all Defendants have failed to provide Plaintiff with full consumer file disclosure, as required under 15 U.S.C. § 1681g(a)(1).

31. As of the date of Plaintiff's Complaint, all Defendants have failed to promptly delete all information which cannot be verified as required under 15 U.S.C. § 1681i(a)(5)(A).

32. As of the date of Plaintiff's Complaint, all Defendants have failed to provide Plaintiff with a description of the reinvestigation procedure required under 15 U.S.C. § 1681i(a)(7).

33. Despite Plaintiff's effort to resolve these matters without filing a formal federal complaint, all Defendants have failed to cooperate with Plaintiff's

reasonable requests for Defendants to accurately report information and provide a description of their reinvestigation procedure(s).

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FCRA, 15 U.S.C. §1681g(a)(1), WILLFUL NON-COMPLIANCE BY ALL DEFENDANTS

34. Paragraphs 1 through 33 are re-alleged as though fully set herein.

35. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

36. All Defendants operate as consumer reporting agencies within the meaning of 15 U.S.C. § 1681a(f).

37. All Defendants repeatedly failed to comply with Plaintiff's multiple requests for all information in a consumer's file pursuant to 15 U.S.C. § 1681g(a)(1).

38. 15 U.S.C. § 1681g(a)(1) states as follows:

**Disclosures to consumers [15 U.S.C. § 1681g]**

(a) *Information on file; sources; report recipients.* Every consumer reporting agency shall, upon request, and subject to 610(a)(1) [§ 1681h], clearly and accurately disclose to the consumer:

  (1) All information in the consumer's file at the time of the request except that--

   (A) if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure; and

   (B) nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.

Joseph B. Whiteford
4082 Deer Valley Lane
Murrysville, PA 15668

COMPLAINT
Pawlowski v. Equifax, Inc., *et al*

39. WHEREFORE, Plaintiff demands judgment for damages against all Defendants for statutory damages in the amount of $1000.00 each, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT II
## VIOLATION OF THE FCRA, 15 U.S.C. §1681i(a)(5)(A), WILLFUL NON-COMPLIANCE BY ALL DEFENDANTS

40. Paragraphs 1 through 33 are re-alleged as though fully set herein.

41. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

42. All Defendants operate as consumer reporting agencies within the meaning of 15 U.S.C. § 1681a(f).

43. All Defendants, failed to delete all information which cannot be verified as required under 15 U.S.C. § 1681i(a)(5)(A).

44. 15 U.S.C. § 1681i(a)(5)(A) states as follows:

**Procedure in case of disputed accuracy [15 U.S.C. § 1681i]**

(a) Reinvestigations of Disputed Information

  (5) Treatment of Inaccurate or Unverifiable Information

    (A) *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall–

      (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

      ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

45. WHEREFORE, Plaintiff demands judgment for damages against all Defendants for statutory damages in the amount of $1000.00 each, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT III
## VIOLATION OF THE FCRA, 15 U.S.C. §1681i(a)(5)(A), WILLFUL NON-COMPLIANCE BY ALL DEFENDANTS

46. Paragraphs 1 through 33 are re-alleged as though fully set herein.

47. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

48. All Defendants operate as consumer reporting agencies within the meaning of 15 U.S.C. § 1681a(f).

49. All Defendants, failed to provide Plaintiff with a description of reinvestigation procedure(s) as required under 15 U.S.C. § 1681i(a)(7).

50. 15 U.S.C. § 1681i(a)(7) states as follows:

**Procedure in case of disputed accuracy [15 U.S.C. § 1681i]**

(a) Reinvestigations of Disputed Information

   (7) *Description of reinvestigation procedure.* A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

51. WHEREFORE, Plaintiff demands judgment for damages against all Defendants for statutory damages in the amount of $1000.00 each, any attorney fees and all costs pursuant to 15 U.S.C. § 1681n.

## VI. RELIEF SOUGHT

52. This Court is authorized to immediately order all Defendants to permanently remove all reference to the accounts from Plaintiff's consumer credit file and

Page 11 of 14

Joseph B. Whiteford
4082 Deer Valley Lane
Murrysville, PA 15668

COMPLAINT
Pawlowski v. Equifax, Inc., *et al*

provide Plaintiff with full consumer file disclosure.

## VII. PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiff prays that this Court enter a judgment for Plaintiff, pursuant to the FCRA, against Defendants as follows.

(a) Against each Defendant, EIS, EXPERIAN and TRANS in the amount of $1,000;

(b) Award Plaintiff the costs of bringing this action, as well as other and additional relief as the Court may determine to be just and proper[2]. See *Guimond v. Trans Union Credit Information Company*, 45 F.3d 1329 (9th Cir. 1995) (Even without pecuniary or out-of-pocket loss, may recover actual damages for the mere injury to reputation or creditworthiness caused by the delinquencies appearing on credit report.) and *Gertz v. Robert Welsh, Inc.*, 418 U.S. 323 (1974) *cf. Jorgeson v. TRW, Inc.*, C.A. No. 96-286 (D.Or. 1998)(emotional distress); *Valentine v. Equifax Information Servs, LLC, et al.*, U.S.Dist Ct. (Or) Case No. 05-cv-0801-JO (emotional distress); *Acton v. Bank One Corp.*, 293 F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351, 1352-53 (9th Cir. 1994) (objective evidence not a requirement for emotional distress). *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007) (punitive damages for willful failure to comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)).

Where the issue of damages depends on whether a violation of the FCRA occurred, the question of damages is generally reserved for the jury. *Cairns v.*

---

2   See 28 U.S.C. § 1652; Article IV, Section 1 of the United States Constitution

Page 12 of 14

Joseph B. Whiteford
4082 Deer Valley Lane
Murrysville, PA 15668

COMPLAINT
Pawlowski v. Equifax, Inc., *et al*

*GMAC Mortg. Corp.*, No. CIV 04-1840-PHX-SMM, 2007 WL 735564, *7 (D. Ariz. Mar. 5, 2007). A successful FCRA plaintiff is entitled to a damage award that varies depending on the willfulness of the breach. *See Rambarran v. Bank of America, N.A.*, 609 F. Supp. 2d at 1258.

Recovery for a negligent violation of FCRA is limited to the amount of actual damages and attorneys' fees and costs. *See* 15 U.S.C. § 1681o. "If the breach is willful, however, the plaintiff is entitled to recover either actual damages or statutory damages (from $100-$1,000), whichever is greater, in addition to attorneys' fees and costs." *Rambarran*, supra, at 1258. The Court may also impose punitive damages to punish a willful violation of FCRA. *See* 15 U.S.C. § 1681n.

"Construed literally, the text of the FCRA would seem to impose liability—regardless of the accuracy of the underlying information—if the furnisher did not conduct a proper investigation after receiving notice of a dispute." *Davidson v. Capital One*, No. 14-20478-CIV, 2014 WL 6682532, at *4 (S.D. Fla. Nov. 25, 2014).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted, this ___16___ day of ___December___, 2020

By: _____
Joseph B. Whiteford
Plaintiff, In *Pro Per*
without prejudice

## AFFIDAVIT

I, the undersigned, hereby Attest and Declare:

I am the Plaintiff in the foregoing document entitled, COMPLAINT FOR RELIEF, AFFIDAVIT, TRIAL BY JURY DEMANDED.

I have read and know the contents thereof and certify that the matters stated therein are facts of my own knowledge, except as to those matters, which are therein stated upon my information or belief, and as to those matters I believe them to be correct.

I declare under the penalty of perjury of the Laws of PENNSYLVANIA, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this affidavit is executed in _Murrysville_, PENNSYLVANIA and is dated this _16_ day of _December_, 2020.

By: _____

Joseph B. Whiteford, Plaintiff
without prejudice


The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this _16th_ day of _December_, 2020.

_____
Notary

My commission expires: _June 6, 2023_    seal

Commonwealth of Pennsylvania - Notary Seal
JOHN J. McGUIGAN, Notary Public
Westmoreland County
My Commission Expires June 6, 2023
Commission Number 1199361

Page 14 of 14

Joseph B. Whiteford
4082 Deer Valley Lane
Murrysville, PA 15668

COMPLAINT
Pawlowski v. Equifax, Inc., *et al*