IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH B. WHITEFORD, *Plaintiff*, v. EQUIFAX INC., et al., *Defendants*. | Civil Action No. 2:21-cv-94 Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

## I.      Introduction

*Pro se* Plaintiff Joseph B. Whiteford sued Defendants Equifax, Inc.;[1] Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Trans Union, LLC ("Trans Union") (collectively, "Defendants") under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, for violating § 1681e (compliance procedures), § 1681i (reinvestigation procedures) and § 1681g (disclosures to consumers). (ECF No. 1). Before the Court is Defendants' Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure ("Rule") 12(c). (ECF No. 22).

---

[1] Defendant Equifax, Inc. maintains that it is not a consumer reporting agency under the FCRA and thus is an improper party to the lawsuit. *Saho v. Equifax, Inc.*, No. 1:19-cv-04252-LMM-RGV, 2020 WL 7388450 (N.D. Ga. Feb. 28, 2020). It alleges that the appropriate party is Equifax Information Services, LLC, a CRA under the FCRA. As explained here, because the Complaint fails to assert any cognizable claims, the Court need not address this here.

**II.      Factual Background**

Whiteford is a "consumer," and Defendants are Consumer Reporting Agencies ("CRAs") under the FCRA. (ECF No. 1, ¶¶ 7, 8, 13, 17, 18). As a CRA, each Defendant collects consumer credit information and then organizes and stores the information to make it available to authorized third parties, such as lenders. Defendants maintain credit information on Whiteford. (*Id.*).

In January 2019, Whiteford sent Defendants letters requesting his "consumer file" information. (*Id.* ¶ 21). Equifax and Experian sent Whiteford copies of his full credit disclosure containing all information they had on file for him.[2] Whiteford disputes that the CRAs reported complete and accurate records. (*Id.* ¶¶ 23, 30, 37).

In December 2019, Whiteford requested "to see Verifiable Proof," that is, "an original Consumer Contract with [his] Signature on it," for five of his accounts. (ECF No. 1, ¶ 22; ECF No. 1-3). All Defendants reinvestigated the disputed accounts, including contacting the creditors associated with the accounts. Defendants conveyed to Whiteford that they reported all accounts accurately. (ECF No. 1, ¶ 23 ("[A]ll Defendants, through written communications, maintained that all alleged accounts on Plaintiff's credit report had been verified with the furnishers of information.")). In January 2020, Whiteford sent Defendants a second request for verification. (*Id.* ¶ 24). Between January and March 2020, Defendants, through written communication, sent a response. (*Id.* ¶ 25). In March 2020, Whiteford sent a third request to all Defendants. (*Id.* ¶ 26).

---

[2] Trans Union purports that it is still investigating whether it received Whiteford's January 2019 request. (ECF No. 23, p. 7). Whiteford, though, does not allege that he never received a response from Trans Union. On a motion for judgment on the pleadings, the Court must accept all allegations of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party. *Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017). Because Whiteford has not alleged that Trans Union never responded to his requests, the Court need not consider this issue when determining this motion.

Defendants responded between March and May 2020. (*Id.* ¶ 27). Whiteford sent a fourth request in May 2020. (*Id.* ¶ 28).

Whiteford alleges that all Defendants failed to provide him with a full consumer file disclosure. (*Id.* ¶ 30). Whiteford claims that by not providing him copies of his "original consumer contracts with [his] signature on it," Defendants willfully violated § 1681i (reinvestigation procedures) and § 1681g (disclosure to consumers) of the FCRA. (ECF No. 1, ¶¶ 24–28, 34–51; ECF Nos. 4–6).

### III. Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment is granted only when the moving party establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law. *Sherzer v. Homestar Mortg. Servs.*, 707 F.3d 255, 257 (3d Cir. 2013) (citing *Allstate Prop. & Cas. Ins. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012)). A court can rule that a party is entitled to judgment under Rule 12(c) sua sponte or upon motion. *See Murray v. Silberstein*, 882 F.2d 61, 64 (3d Cir. 1989).

The primary distinction between motions under Rules 12(b)(6) and 12(c) is timing: if a motion is filed before an answer, it is a motion to dismiss; if after, it is a motion for judgment on the pleadings. *In re Brizinova*, 592 B.R. 459 (E.D.N.Y. 2018). This distinction is merely semantic because the same standard of review generally applies to both. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); 2 James Wm. Moore et al., Moore's Fed. Prac. § 12.38 (3d ed. 1997).

The critical difference between motions to dismiss and motions for judgment on the pleadings is not the standard of a court's review but its scope. Unlike motions to dismiss, a court reviewing a motion for judgment on the pleadings considers not only the complaint but also the written answer and attachments to the pleadings. *Compare In re Burlington Coat Factory Sec.*

3

*Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." (citing *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)), *with Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("It would seem to follow that if an attachment to an answer is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment."), *and Ferencz v. Medlock*, 905 F. Supp. 2d 656, 663 (W.D. Pa. 2012) ("The only notable difference is that a court, for a motion on the pleadings, may review not only the complaint but also the answer and written instruments attached to the pleadings." (citing *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591–92 (M.D. Pa. 2010)).[3]

A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on this motion, the Court must accept all facts in the complaint in the light most favorable to Whiteford and "accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). Whiteford's *pro se* pleading must be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts hold *pro se* pleadings to a less exacting standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even under this less stringent standard, a *pro se* complaint is still subject to dismissal. *Id.* at 520–21. A court should not create legal arguments for the complainant. *Small*

---

[3] When reviewing a motion to dismiss, a court may only review attachments to a complaint if they are integral to a plaintiff's allegations and are authentic. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (citing cases).

*v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  And it should not "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

IV.   **Discussion**

Whiteford contends that Defendants willfully violated § 1681i (reinvestigation procedures) and § 1681g (disclosures to consumers) of the FCRA because they did not maintain copies of documents of "original signed consumer contract[s]" for the accounts reported and by not providing all information in his consumer file. (ECF No. 1, pp. 1–2).  Section 1681e(b) states, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  To state a claim under § 1681e(b), a plaintiff must establish four elements: "(1) inaccurate information was included in [his] credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) [he] suffered injury; and (4) [his] injury was caused by the inclusion of the inaccurate entry." *Wylie v. TransUnion, LLC*, No. 3:16-CV-102, 2017 WL 835205, at *3 (W.D. Pa. Mar. 2, 2017) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).  Proving a willful violation requires the plaintiff to show "that the defendants acted knowingly, intentionally, or recklessly in disregarding the FCRA."  *Id.* (quoting *Shannon v. Equifax Info. Servs., LLC*, 764 F. Supp. 2d 714, 725 (E.D. Pa. 2011)).  CRAs do not act in reckless disregard of the FCRA unless their actions are "not only a violation under a reasonable reading of the statute's terms, but show[] that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).  The Court analyzes Whiteford's claim under this framework.

Even construing all facts in the Complaint in Whiteford's favor, as outlined below, he fails to allege that the CRAs reported any inaccuracies in his report.  Thus, his § 1681e(b) claim fails.

5

A.   **Plaintiff Has Not Claimed Any of His Accounts Have Been Inaccurately Reported.**

Whiteford suggests that the CRAs have not proved that his files have been accurately reported. To prevail on a § 1681i claim when alleging that a CRA failed to reinvestigate a disputed account, a plaintiff must allege or show that information was incorrectly reported by a CRA. *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 904 n.9 (3d Cir. 2011) (noting that if "the reported information was in fact accurate, a claim brought under § 1681i must fail"). Courts find that a CRA has breached its duty when the CRA "would have discovered a discrepancy had it undertaken a reasonable investigation." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 713 (3d Cir. 2010) (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). Even still, the information may be technically accurate, "it may nonetheless be inaccurate if, through omission, it 'create[s] a materially misleading impression.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014) (quoting *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008)). But "[a] claim under 1681i will fail if the consumer cannot show that the information in his or her file was inaccurate." *Berkery v. Equifax Info. Servs. LLC*, No. 18-3417, 2019 WL 1958567, at *3 (E.D. Pa. May 2, 2019) (cleaned up).

In his letters, Whiteford asserted that five of his accounts required verification or would need to be removed. He did not justify his demand and did not contend that any of the disputed accounts were inaccurate. (ECF No. 1). Although he was "concerned regarding the accuracy of account information reported," he did not state which, if any, account was inaccurate. (ECF No. 1, ¶ 20). Because Whiteford failed to plead any inaccuracies, the Court finds he failed to state a claim under § 1681i of the FCRA.

### B. The FRCRA Does Not Require Defendants to Maintain or Provide Consumers with Copies of Original Signed Consumer Contracts.

Whiteford alleges that Defendants need to provide signed consumer contracts to prove the accuracy of the information reported on his account.[4] CRAs are not responsible for maintaining or presenting original copies of "contracts" for the accounts they report. *See Butler v. Equifax Info. Servs.*, No. 3:17CV422-MCR-CJK, 2018 WL 5986534, at *3 (N.D. Fla. Oct. 12, 2018), *report and recommendation adopted*, No. 3:17CV422-MCR-CJK, 2018 WL 5981841 (N.D. Fla. Nov. 14, 2018) (finding, although the plaintiff alleged that the CRA did not maintain records of the plaintiff's "wet signature," the plaintiff did not state a cause of action without alleging any inaccuracy in the agency's report). The FCRA does not require CRAs to provide consumers with copies of "original contracts" for the information they report. *Butler*, 2018 WL 5986534, at *3 ("The provision . . . does not mandate that [CRAs] obtain and provide plaintiff with the original loan documents he signed.").

If a plaintiff requests a reinvestigation into the accuracy of an account, courts generally find that CRAs act reasonably when they contact the furnisher or creditor to verify that the information it provided to the CRA is accurate. *Seamans*, 744 F.3d at 867 n.11 ("[T]he furnisher, not the CRA, is in the best position to determine whether the dispute is bona fide . . . ."). A plaintiff cannot maintain an FCRA claim challenging the reasonableness of a CRA's reinvestigation if the information was reported accurately. *Gaudreau v. Trans Union*, No. 00 C 50356, 2001 WL

---

[4] Defendants suggest Whiteford may be confusing the FCRA with the Fair Debt Collection Practices Act ("FDCPA"), a separate act requiring debt collectors, not CRAs, to "validate" debt upon request. *See* 15 U.S.C. § 1692g; *Auburt v. Russell Collection Agency, Inc.*, 215 F. Supp. 3d 583 (E.D. Mich. 2016) (distinguishing FDCPA's debt verification requirement from FDCPA's reinvestigation procedures). Whiteford referred Defendants to "Section 609(a)(1)(A)" of the FCRA, but the FCRA has no such section. (ECF No. 1-3, pp. 5, 7; ECF No. 1-4, pp. 3, 5, 7; ECF No. 1-5, pp. 3, 6, 9).

936122, at *2 (N.D. Ill. Aug. 17, 2001) ("When there have been no inaccuracies reported in a consumer file, there is no need for any additional investigation."). Because Whiteford failed to allege any inaccuracies in his consumer reports and because CRAs are not required to maintain copies of original loan documents, he does not have a claim under § 1681i of the FCRA.

### C.  Plaintiff Did Not Show That Defendants Failed to Provide All Requested Information.

Whiteford asserts that Defendants failed to provide him with a full consumer file disclosure. Section 1681g of the FCRA requires that CRAs provide a consumer all information in his or her file at the request of the consumer. 15 U.S.C. § 1681g(a).[5] One of the prominent features of the FCRA is that it provides consumers with a chance to dispute the accuracy of the information on file. *Hauser v. Equifax, Inc.*, 602 F.2d 811, 817 (8th Cir. 1979). To prevail, a plaintiff must show that the CRA failed to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request . . . ." *Miller v. Trans Union, LLC*, No. 3:12-CV-1715, 2015 WL 2089965, at *1 (M.D. Pa. May 6, 2015).

Whiteford alleges Defendants failed to provide him with a "full consumer file." (ECF No. 1, ¶¶ 30, 37). Whiteford maintains that all Defendants responded to his requests. He does not allege that Defendants failed to disclose information that is included in his file. Since he has identified no discrepancies of merit, the Court finds that Whiteford has not shown a concrete

---

[5] Although not alleged, Whiteford asserts for the first time in the Response that in response to his requests for a consumer disclosure, Defendants withheld "AUD reports, ACDV reports and details from reinvestigations . . . ." (*See* ECF No. 24, ¶ 4). Defendants assert that these types of documents are not part of a consumer's "file" under Section 1681g, since such information would not be provided to a third party in response to a request for a consumer report, and are thus not required to be disclosed to the consumer. *See Lopez v. Edge Info. Mgmt., Inc.*, No. CV 17- 179, 2018 WL 1071878, at *4 (E.D. Pa. Feb. 27, 2018) (holding that a request for all information in a consumer's file under Section 1681g has been interpreted by the Third Circuit to mean "all information furnished or that might be furnished in a consumer report") (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711 (3d Cir. 2010)).

injury. The Court even notes that Whiteford admitted he identified and disputed "all alleged accounts on Plaintiff's credit report." (ECF No. 1, ¶¶ 25–28).

## V.     Conclusion

"Complaints filed *pro se* are construed liberally, but even a *pro se* complaint must state a plausible claim for relief." *Badger v. City of Phila. Off. of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014). Whiteford has failed to do so, and the Court will enter judgment on the pleadings in favor of Defendants and dismiss all of Whiteford's claims with prejudice. For all the reasons cited above, the Court grants Defendants' Motion for Judgment on the Pleadings. (ECF No. 22). Orders of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

_8/18/21_
Dated